UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BRIAN J. DORSEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:24-CV-00359-HEA |
| ) | |
| TREVOR FOLEY, MYLES STRID, and ) | |
| RICHARD ADAMS, ) | |
| ) | |
| Defendants. ) | |

### OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendants' motion to dismiss Claim 5 on the basis that Plaintiff failed to exhaust administrative remedies before filing this action. (ECF No. 12). Plaintiff has responded to the Motion and Defendants have replied, and the matter is now ripe for disposition. For the reasons explained below, the Court grants the Motion, and dismisses Claim 5 without prejudice.

### Background

Plaintiff is a Missouri State prisoner who has been sentenced to death. As of the date of this Order, he is scheduled to be executed on April 9, 2024 at the Eastern Reception, Diagnostic and Correctional Center (ERDCC). He is represented by counsel in this matter, and has fully paid the required filing fee. He instituted this action on or about March 8, 2024 by filing a Complaint pursuant to 42 U.S.C. § 1983 against the following three Missouri Department of Corrections (MDOC) officials: Trevor Foley (Acting Director); Myles Strid (Acting Director of Adult Institutions); and Richard Adams (the ERDCC Warden). Plaintiff sues the Defendants in their official capacities.

The Complaint contains five claims, all of which concern the lethal injection process.

Relevant to the instant Motion is Claim 5, in which Plaintiff claims the MDOC's use of pentobarbital will likely cause him to suffer an excruciating death, in violation of his Eighth Amendment right to be free from cruel and unusual punishment. Plaintiff claims there are alternative methods of execution that would significantly reduce the risk of severe pain, including pre-medicating him with an intravenous drug. Plaintiff suggests the use of a general anesthetic such as propofol or etomidate, or an opioid analgesic such as morphine or fentanyl.

In a civil action filed on February 9, 2024 and styled *Dorsey v. Foley, et al.*, No. 4:24-cv-00198-HEA, Plaintiff asserted the same claims against the same Defendants, and the Defendants moved for dismissal on the basis that Plaintiff filed the action before exhausting administrative remedies. On March 4, 2024, the Court granted the Defendants' motion, and dismissed the action without prejudice.

In the instant Complaint, Plaintiff avers the MDOC denied his grievance appeals as to Claims 1 through 4, and "he has thus exhausted his administrative remedies as to those claims." *Id.* at 2. Regarding Claim 5, Plaintiff writes:

> Dorsey has also appealed Claim 5 through the OGP. Given the MDOC response, Dorsey cannot find satisfaction or resolution through the OGP. MDOC has complete control over Dorsey before and during execution, and also does not provide any information about policies, procedures, and practices before and during execution given that it operates under a secrecy law. Yet MDOC has shifted the burden to Dorsey to negotiate that wholly secret process. Insofar as the MDOC has failed to appropriately characterize and respond to the nature of the claim, asking questions about answers already supplied in the materials submitted, as well as about drug interactions and possible side effects while *attempting to execute* Dorsey in violation of the Eighth Amendment, administrative remedies are unavailable as to Claim 5. *See* Ex. 8 at 10-11.

*Id.* at 2-3 (emphasis in original).

The Exhibit 8 Plaintiff references is one of his exhibits to the Complaint, which the Court considers part of the Complaint for all purposes. *See* Fed. R. Civ. P. 10(c). Exhibit 8 is a March

2

1, 2024 letter to Plaintiff from Defendant Myles Strid, explaining that the MDOC had not decided Plaintiff's appeal of Claim 5 because it needed additional information.  Among other things, Strid explained the MDOC needed clarification about what medication Plaintiff was requesting, inasmuch as he asked to be injected with 500 mcg of fentanyl at a certain point before the execution began, but referenced other drugs in supporting documents.  Strid plainly explained that Plaintiff was not required to provide any additional information in order to receive a final decision, and could respond by stating he would provide nothing further, and would like his appeal decided based on the information he already provided.

In the instant motion, Defendants ask the Court to dismiss Claim 5 due to Plaintiff's failure to exhaust administrative remedies before bringing this action.  The parties do not dispute that Plaintiff exhausted administrative remedies as to Claims 1 through 4, and Defendants do not seek dismissal of those claims in this Motion.  Therefore, this Order concerns only Claim 5.

Defendants move for dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  They contend that the Prison Litigation Reform Act of 1996 (PLRA) applies to Plaintiff's claims, and dismissal is mandatory under 42 U.S.C. § 1997e(a) because Plaintiff failed to exhaust available administrative remedies before filing this action.  In support, Defendants argue that Plaintiff's Complaint establishes that he filed this action before the MDOC issued a final decision, and therefore failed to complete the administrative review process in accordance with the MDOC's applicable procedural rules.  Defendants describe those rules as follows:

> First, the inmate files an Informal Resolution Request ("IRR"). If dissatisfied with the IRR response, he "must" file a grievance within seven days of receiving the response. If dissatisfied with the grievance response, he "must" submit a Grievance Appeal form to the grievance officer within seven days. Failure to timely file a grievance or submit a grievance appeal "will result" in the complaint or the appeal "being considered abandoned." After receiving the grievance appeal response, the inmate "has exhausted the grievance process."

3

(ECF No. 12 at 6) (citing *Hammett v. Cofield,* 681 F.3d 945, 947 (8th Cir. 2012)).

Defendants state the MDOC's procedural manual specifies that claims concerning the lethal injection process can be addressed using the grievance procedure. Defendants contend the MDOC has the authority to grant the relief Plaintiff seeks and could still act, and in fact sought additional information to determine what action to take. Defendants argue that Plaintiff is improperly relying on his own subjective beliefs about what he should and should not have to provide during the administrative process. They argue that if Plaintiff believed the MDOC's response sought unobtainable information or was otherwise improper, he could have told the MDOC he would provide nothing further. Defendants contend that if Plaintiff believed the MDOC's response sought information he already provided, he could have cited "the 200 pages of materials he attached to his grievance appeal." (ECF No. 12 at 8).

In response, Plaintiff argues the Motion should be denied because the MDOC's administrative process is futile and confusing and cannot provide a remedy, and the MDOC's response did not state that the MDOC had the authority to resolve his claim. Plaintiff argues the MDOC mischaracterized his request as a medical request, and improperly shifted the burden to him. Plaintiff contends the MDOC asked him for information he could not obtain, or information he had already provided, and acted in bad faith. He contends the MDOC lacks the power to act on his request, and "[t]his Court should not require Dorsey to participate in a bad faith administrative process with no remedy, as execution cannot be a medical procedure, and Dorsey cannot obtain the information MDOC has requested in order to consider his 'medical request.'" (ECF No. 20 at 9).

In reply, Defendants re-assert that the MDOC has the authority to act on Plaintiff's appeal, and the MDOC's procedural manual states that claims concerning the lethal injection process can

4

be addressed using the grievance procedure. They contend the request for additional information was necessary to resolve the confusion Plaintiff created about the particular drug he was requesting and other matters, and they re-assert that Plaintiff was told he did not have to provide additional information in order to receive a final decision. They aver that Plaintiff's beliefs about the grievance policies have no legal impact.

## Discussion

Defendants filed the instant Motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The purpose of such a motion is to test the legal sufficiency of the complaint. When considering a Rule 12(b)(6) motion to dismiss, a court treats all well-pleaded facts as true, and grants the non-moving party all reasonable inferences from the facts. *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990) (citation omitted).

Exhaustion of administrative remedies is an affirmative defense, not a pleading requirement. *Jones v. Bock,* 549 U.S. 199 (2007). However, a complaint may be subject to dismissal under Rule 12(b)(6) when the affirmative defense is apparent from the face of the Complaint. *Id.* at 215.

Section 1997e(a) provides, in relevant part: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any . . . prison . . . until such administrative remedies as are available are exhausted." To exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the institution's applicable procedural rules. *Woodford v. Ngo*, 548 U.S. 81, 93-103 (2006); *Jones,* 549 U.S. at 218 (same). Such exhaustion is mandatory even in the execution context. *Ramirez v. Collier*, 595 U.S. 411, 421, (2022).

Prisoners are only required to exhaust administrative remedies that are "available," which

5

means "capable of use to obtain some relief for the action complained of." *Smith v. Andrews,* 75 F.4th 805, 809 (8th Cir. 2023) (quoting *Ross v. Blake,* 578 U.S. 632, 642 (2016)). As long as "the administrative process has authority to take some action in response to a complaint, [even if] not the remedial action an inmate demands," administrative remedies are "available." *Muhammad v. Mayfield*, 933 F.3d 993, 1000 (8th Cir. 2019) (quoting *Booth v. Churner*, 532 U.S. 731, 737–38 (2001)). Courts must apply this standard to the "real-world workings of prison grievance systems." *Ross,* 578 U.S. at 643.

A prisoner must exhaust available administrative remedies before filing suit in federal court. *Johnson v. Jones*, 340 F.3d 624, 627–28 (8th Cir. 2003). A prisoner's failure to do so cannot be cured by a continuance or other action to permit exhaustion to occur. *Id.* at 628. Instead, "outright dismissal" is required. *Id.* at 628.

In this case, Plaintiff admits he is an inmate in the custody of the MDOC, and in Claim 5, he asserts claims of Constitutional violations related to the lethal injection process. Claim 5 therefore falls within § 1997e(a)'s exhaustion requirement, and Plaintiff was required to exhaust available administrative remedies as to Claim 5 before filing this action. *See* 42 U.S.C. § 1997e(a); *Ramirez*, 595 U.S. at 421; *Johnson,* 340 F.3d at 627-28.

Plaintiff's Complaint establishes that he filed this action while his grievance appeal was pending. According to the MDOC's applicable procedural rules, administrative remedies are not exhausted until the MDOC issues a grievance appeal response.[1] *See Hammett,* 681 F.3d at 947. It therefore appears from the face of the Complaint that Plaintiff failed to exhaust administrative remedies before filing this action, as required by 42 U.S.C. § 1997e(a). *See Woodford*, 548 U.S.

---

[1] The Court notes that Strid's March 1, 2024 letter is titled "Grievance Appeal Response." (ECF No. 5-1 at 10-11). However, it states that the MDOC "has not yet issued a final response on this appeal," and clearly states that Plaintiff's appeal remained pending. *Id.*

6

at 93-103 (to properly exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the institution's applicable procedural rules); *see also Jones,* 549 U.S. at 218. However, Plaintiff was only required to exhaust "available" administrative remedies. 42 U.S.C. § 1997e(a); *Smith,* 75 F.4th at 809. The Court therefore considers whether administrative remedies were available, meaning "capable of use to obtain some relief for the action complained of." *Smith,* 75 F.4th at 809.

There is no basis to conclude that administrative remedies were unavailable. As Defendants contend, the MDOC's procedural manual specifies that offenders may use the administrative process to grieve complaints related to the lethal injection process. The fact Plaintiff was asked for additional information does not render the process unknowable. The MDOC gave no impression it was unable to resolve Plaintiff's appeal; in fact, it sought additional information in order to determine how to act.

In the Complaint, Plaintiff avers he deemed administrative remedies unavailable and filed this action while his grievance appeal was pending because he "cannot find satisfaction or resolution through" the grievance procedure. (ECF No. 1 at 2). Plaintiff also avers that because the MDOC "failed to appropriately characterize and respond to the nature of the claim, asking questions about answers already supplied in the materials submitted, as well as about drug interactions and possible side effects while *attempting to execute* Dorsey in violation of the Eighth Amendment, administrative remedies are unavailable as to Claim 5." *Id.* at 3 (emphasis in original). Plaintiff's assertions in the Complaint, and his arguments in response to the instant Motion, evidence his belief that the MDOC was poised to deny his appeal or otherwise refuse to give him the particular remedial action he wanted when he wanted it, not that the administrative process lacked the authority to take some action in response to his appeal. As long as "the

administrative process has authority to take some action in response to a complaint, [even if] not the remedial action an inmate demands," administrative remedies are "available." *Muhammad*, 933 F.3d at 1000.

The Court finds no basis to conclude the MDOC acted in bad faith, impermissibly shifted the burden, caused unwarranted delay or confusion, or prevented Plaintiff from using the grievance process to exhaust administrative remedies. Instead, the MDOC responded to Plaintiff's appeal by seeking clarification about matters as significant as the specific drug Plaintiff was requesting. Plaintiff claims the MDOC knew it was likely he could not obtain the requested information, and argues: "The inanity of the additional information it requests, as well as characterizing an execution as medical, is a smokescreen to avoid answering why it does not have a 'legitimate penological reason' to deny giving Dorsey fentanyl, propofol, or etomidate to prevent a cruel and torturous death." (ECF No. 20 at 6-7). Regardless of whether the MDOC knew Plaintiff could not provide certain requested information, and regardless of whether Plaintiff and the MDOC agreed about the characterization of Plaintiff's request, the MDOC did not condition Plaintiff's ability to exhaust administrative remedies on providing any additional information. To the extent Plaintiff found the MDOC's response confusing or unwarranted, a mischaracterization of his appeal, an attempt to send him on a futile quest, or something else, he could have responded by stating he would provide no additional information. To the extent Plaintiff believed the MDOC was asking him for information he already provided, he could have responded by referring the MDOC to that information. Instead, Plaintiff left his grievance appeal pending, and filed this action.

Plaintiff states "[t]his Court should not require Dorsey to participate in a bad faith administrative process with no remedy, as execution cannot be a medical procedure, and Dorsey

8

cannot obtain the information MDOC has requested in order to consider his 'medical request.'" (ECF No. 20 at 9). Again, the MDOC did not condition Plaintiff's ability to exhaust administrative remedies on providing any additional information. Plaintiff clearly believes the MDOC mischaracterized his request, and/or that he should not have to continue to participate in the administrative process because the MDOC asked questions he considered inane. However, "[s]ection 1997e(a) says nothing about a prisoner's subjective beliefs, logical or otherwise, about the administrative remedies that might be available to him." *Chelette v. Harris*, 229 F.3d 684, 688 (8th Cir. 2000). To the extent Plaintiff claims he should be excused from exhausting administrative remedies because he faces execution, such claim is meritless. *See Ramirez*, 595 U.S. at 421 (exhaustion is mandatory even in the execution context).

Plaintiff's Complaint establishes that he filed this action while his grievance appeal as to Claim 5 was still pending, and there is no basis to conclude that administrative remedies were unavailable. Therefore, the Court finds that Plaintiff's Complaint establishes he failed to exhaust available administrative remedies before filing this action, as required by 42 U.S.C. § 1997e(a). Such failure cannot be cured by a continuance or other action to permit exhaustion to occur. *Johnson*, 340 F.3d at 628. Instead, "outright dismissal" is required. *Id.* As a result, the Court grants the instant Motion, and dismisses Claim 5, without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss Count 5 for Failure to Exhaust Administrative Remedies (ECF No. 12) is **GRANTED.**

**IT IS FURTHER ORDERED** that Claim 5 is **DISMISSED** without prejudice. A separate order of partial dismissal will be entered herewith.

Dated this  26th  day of  March, 2024.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE