# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| BRIAN J. DORSEY, | ) |
| Plaintiff, | ) ) ) |
| v. | )   No. 4:24-CV-00359-HEA ) |
| TREVOR FOLEY, MYLES STRID, and RICHARD ADAMS, | ) ) ) |
| Defendants. | ) ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendants' motion to dismiss this action based upon Plaintiff's claims being barred by the statute of limitations (ECF No. 13). Plaintiff has responded to the Motion, the Defendants have replied, and Plaintiff has filed a sur-reply. The matter is now ripe for disposition. For the reasons set out below, the Court denies Defendants' motion to dismiss, and directs them to answer the Complaint.

### Background

Plaintiff is a Missouri State prisoner who was sentenced to death in 2008. As of the date of this Order, he is scheduled to be executed by lethal injection on April 9, 2024 at the Eastern Reception, Diagnostic and Correctional Center (ERDCC). He is represented by counsel in this matter and has paid the filing fee. Plaintiff instituted this action on or about March 8, 2024 by filing a five-count Complaint pursuant to 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act (RLUIPA) against the following three Missouri Department of Corrections (MDOC) officials: Trevor Foley (Acting Director); Myles Strid (Acting Director of Adult Institutions); and Richard Adams (the ERDCC Warden). Plaintiff sues the Defendants in their official capacities.

In the Complaint, Plaintiff claims the State of Missouri intends to execute him under conditions that will violate his federally-protected rights.[1] The Complaint originally contained five claims. Upon a motion filed by the Defendants, this Court dismissed Plaintiff's Claim 5 on the basis that he failed to exhaust available administrative remedies before filing this action. Therefore, this Order concerns Plaintiff's remaining Claims 1 through 4.

Condensed and summarized, Plaintiff's claims and supporting allegations are as follows. In Claims 1 and 2, Plaintiff describes a painful procedure called a "cut down" that is sometimes used to establish intravenous (IV) lines. Plaintiff alleges the MDOC authorizes the use of this procedure with no provision for pain relief, and because he is morbidly obese, he is likely to need the procedure. He alleges the pain caused by the procedure will render him unable to have meaningful access to spiritual counseling with his spiritual advisor, in violation of his rights secured by the First Amendment and the RLUIPA.

In Claim 3, Plaintiff alleges he will be denied access to counsel after 11:00 a.m. on the day of execution. He alleges he will be unable to communicate with counsel while in the death chamber, and counsel in the witness room will have no access to a telephone or other means to access the courts on his behalf. Plaintiff claims he will therefore suffer violations of his rights secured by the First, Sixth, Eighth, and Fourteenth Amendments. Claim 4 asserts Fourteenth Amendment equal protection violations premised upon alleged violations of his right to access counsel and the courts, to petition for redress of grievances, to the privileges and immunities guaranteed by United States citizenship, and to due process.

The Complaint contains exhibits that the Court considers part of the Complaint for all

---

[1] In a civil action filed on February 9, 2024 and styled *Dorsey v. Foley, et al.*, No. 4:24-cv-00198-HEA, Plaintiff asserted the same claims against the same Defendants, and the Defendants moved for dismissal on the basis that Plaintiff filed the action before exhausting administrative remedies. On March 4, 2024, the Court granted the Defendants' motion, and dismissed the action without prejudice.

purposes.  *See* Fed. R. Civ. P. 10(c).  Exhibit 2 is a document dated October 18, 2013 and titled "Missouri Department of Corrections Preparation and Administration of Chemicals for Lethal Injection."  (ECF No. 1-2).  The parties refer to this document as the MDOC execution protocol or policy.  In the instant Motion, Defendants specify that the document is the "public portion" of the protocol.  (ECF No. 13 at 2).  This "public portion" of the protocol contains six sections that address the execution team, preparation of chemicals, placement of IV lines, monitoring of the prisoner, administration of chemicals, and documentation of chemicals.  It does not address whether a cut down procedure is authorized, the availability of pain relief, the prisoner's access to counsel on the day of execution, or a prisoner's attorney's ability to use a telephone or other means of communication in the witness room.

Exhibit 3 consists of correspondence between counsel and MDOC officials, including a January 26, 2024 letter from Plaintiff's attorney to the MDOC's Chief Counsel.  In the letter, Plaintiff's attorney asked about procedures and accommodations available to safeguard Plaintiff's rights to access counsel and the courts believe and be free from pain and suffering.  Counsel asked whether the MDOC authorized a cut down procedure, and whether pain relief would be available.  Counsel also asked about Plaintiff's ability to access counsel on the day of execution, counsel's ability to use a telephone or other means of communication in the witness room, and other matters.  Exhibit 8, which was filed under seal, consists of documents related to Plaintiff's recent use of the MDOC's grievance procedure.  These documents include a letter from Defendant Adams to Plaintiff's counsel, dated earlier this year, answering counsel's questions about whether the MDOC authorized a cut down procedure, available pain relief, Plaintiff's access to counsel on the day of execution, and counsel's ability to use a telephone or other means of communication in the witness room.  Exhibit 5 is the February 2024 opinion of Dr. Gail A. Van Norman, explaining that

3

a cut down procedure causes pain, and is likely to be necessary when the patient is obese.

In the instant Motion, Defendants ask this Court to dismiss this action on the basis that it is time-barred. They argue that because Claims 1 through 4 flow from Plaintiff's allegations about what procedures are included or omitted from the MDOC's execution protocol, his claims accrued no later than October 18, 2013, the date the protocol was adopted. Citing *Hulver v. United States*, 562 F.2d 1132, 1134 (8th Cir. 1977), they argue that accrual date is "in line with Eighth Circuit precedent that holds a claim accrues when the plaintiff discovers the injury, or in the exercise of reasonable diligence could have discovered the injury." (ECF No. 13 at 3-4). Defendants contend that § 1983 suits such as this one are subject to Missouri's five-year residual statute of limitations, and because Plaintiff's claims accrued no later than October 18, 2013, they are time-barred.

Plaintiff contends the timeliness of his claims is governed by laches, not a statute of limitations, and even if his claims are subject to a statute of limitations, his claims did not accrue until he learned the underlying facts and his execution became imminent. Defendants re-assert that Missouri's five-year residual statute of limitations applies to § 1983 suits, and a four-year statute of limitations applies to Plaintiff's RLUIPA claim. They cite Eighth Circuit precedent stating that a limitations period accrues when a claimant knows, or should know through an exercise of reasonable diligence, of the acts constituting the alleged violation." (ECF No. 22 at 4) (citing *Alcorn v. Burlington N. R.R.*, 878 F.2d 1105, 1108 (8th Cir. 1989)). Defendants assert that because Plaintiff's claims flow from the execution protocol, the date of the adoption of the protocol is the act that constitutes the alleged violation, and Plaintiff's claims therefore accrued no later than October 18, 2013.

## Discussion

Defendants filed the instant Motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil

4

Procedure. The purpose of such a motion is to test the legal sufficiency of the complaint. When considering a Rule 12(b)(6) motion to dismiss, a court treats all well-pleaded facts as true, and grants the non-moving party all reasonable inferences from the facts. *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990) (citation omitted).

Bar by the statute of limitations is typically an affirmative defense that a defendant must plead and prove. *John R. Sand & Gravel Co. v. United States*, 552 U.S. 130, 133 (2008); *Jessie v. Potter,* 516 F.3d 709, 713 n.2 (8th Cir. 2008); *see* Fed. R. Civ. P. 8(c). "A defendant does not render a complaint defective by pleading an affirmative defense . . . and therefore the possible existence of a statute of limitations defense is not ordinarily a ground for Rule 12(b)(6) dismissal unless the complaint itself establishes the defense." *Jessie,* 516 F.3d at 713 n.2 (citations omitted). *See Humphrey v. Eureka Gardens Pub. Facility Bd.*, 891 F.3d 1079, 1081 (8th Cir. 2018) ("A court may dismiss a claim under Rule 12(b)(6) as barred by the statute of limitations if the complaint itself establishes that the claim is time-barred.").

Defendants contend that Missouri's five-year statute of limitations applies to Plaintiff's claims, and they cite Eighth Circuit precedent stating that a § 1983 plaintiff's claims accrue when the plaintiff discovers the injury, or in the exercise of reasonable diligence could have discovered the injury. Defendants do not cite controlling precedent establishing the date of the adoption of the execution protocol as the specific accrual date for claims such as Plaintiff's Claims 1 through 4. Having reviewed the Complaint and accepted the well-pleaded facts as true, and granted Plaintiff all reasonable inferences from those facts, the Court finds the Complaint does not establish that Claims 1, 2, 3, or 4 accrued more than five years before he filed the Complaint. It is Defendants' burden to establish that the statute of limitations has run, and this Court cannot conclude, from the face of the Complaint, that Claims 1, 2, 3, or 4 are time-barred. Defendants

5

are therefore not entitled to dismissal under Rule 12(b)(6) on the basis of their asserted statute-of-limitations defense.  Having so determined, the Court does not continue to address Plaintiff's arguments concerning the applicability of laches.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss and Suggestions in Support (ECF No. 13) is **DENIED.**

**IT IS FURTHER ORDERED** that, within seven (7) days of the date of this Order, Defendants shall answer the Complaint.

Dated this  28th day of  March, 2024.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE